### In re UNGRICH.

#### UNGRICH v. UNGRICH et al.

(Supreme Court, Appellate Division, First Department. November 22, 1907.)

TRUSTS—TRUST FUNDS—ACCOUNTING BY TRUSTEE—PAYMENT PENDENTE LITE—CONDITIONS.

　　Where, in an action to compel defendants to account for moneys received by them as trustees, to set aside certain illegal conveyances of the trust property, to impress a trust on the proceeds, and to remove defendants as executors and trustees, plaintiff applied to require the trustees to pay to her a sum of money as income of the trust estate, plaintiff would be required to take such sum charged with the legal consequences of the payment, and was not entitled to an order directing the payment without prejudice to the rights of any of the parties to the action.

　　Scott, J., dissenting.

Appeal from Special Term.

Application of Martin Louis Ungrich for the payment of certain moneys out of the trust created by the will of Henry Ungrich, deceased. From so much of an order of the Special Term as directed Henry Ungrich, Jr., and another as executors, etc., forthwith to pay petitioner the sum of $2,919.20, "without prejudice to the rights of any of the parties to the action," the executors appeal. Modified and affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, HOUGHTON, and SCOTT, JJ.

Edward W. S. Johnston, for appellants.
L. Laflin Kellogg, for respondent.

INGRAHAM, J. This action is brought to compel the defendants to account for certain property received by them as trustees, to set aside certain unlawful and illegal conveyances of the trust property, to impress a trust upon the proceeds that the defendants be removed as executors and trustees under the will of the testator, and for other and further relief.

The answer, which is very voluminous, set up several defenses and counterclaims to which the plaintiff replied. Upon the pleadings and upon an affidavit the plaintiff made a motion to require the trustees to pay to her a certain sum of money as the income of the trust estate, "without prejudice to the rights of any of the parties to this action." In answer to this application, the trustees presented an affidavit, stating that there were certain sums of money invested on bond and mortgage for the benefit of the plaintiff under the will of the testator; that up to the time of bringing the action the income from these investments had been paid to the plaintiff; that the trustees sent to the plaintiff a certified check to his order for the sum of $2,919.20,

which is more than the amount claimed by the plaintiff and which is the full amount due to him as income under said trust estate, but objected to any provision in the order requiring the payment of this amount without prejudice to the plaintiff's right in the action. It is not clear that the Special Term had power to require the defendant to make this payment by a summary order before the case had been tried if it had been objected to. If, however, the plaintiff wished to receive this accruing income, he had no right to impose conditions upon which it should be paid to him. If he was entitled to this income, he was entitled to receive it, but, if he required the trustees to pay it to him pending the litigation, he must take it subject to such legal consequences as would flow therefrom, and the court was not justified on a summary application to compel the trustees to pay him, and at the same time direct that there should not result from the payment the necessary legal consequences, whatever they were. The plaintiff can refuse to accept any payment from the trustees pending the trial of the action; but no reason is disclosed why the trustees should be compelled to pay him, and at the same time not have the benefit of such payments.

The order appealed from should be modified by striking out of the order the words "without prejudice to the rights of any parties in this action," with $10 costs and disbursements of this appeal to the appellant to abide the final judgment in the action. All concur, except SCOTT, J., who dissents.